IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ISIAH MACON, #335089, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-234-WKW |
| | ) | [WO] |
| WILLIAM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff James Isiah Macon, an inmate in the custody of the Alabama Department of Corrections, filed this *pro se* action on a form used by inmates to file complaints under 42 U.S.C. § 1983. Upon the filing of his complaint, however, Plaintiff failed to pay the $350.00 filing fee and the $55.00 administrative fee, and he alternatively did not seek leave to proceed *in forma pauperis*. Thus, in an Order entered on April 22, 2025, Plaintiff was directed to submit (1) either the $405.00 in required fees or (2) a properly completed application for leave to proceed *in forma pauperis*. (Doc. # 2.) The Order gave Plaintiff a deadline of May 6, 2025, and expressly cautioned that his failure to comply would result in dismissal of his action without further notice. (Doc. # 2 at 2.) The April 22 Order was not returned to the court. To date, Plaintiff has not complied with the Order or otherwise responded to the court's directives.

Because Plaintiff has failed to prosecute this action and comply with the court's Order, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 16th day of May, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
